PROB 12B
(7/93)



**FILED**
DISTRICT COURT OF GUAM

APR - 5 2006 ap

**MARY L.M. MORAN**
**CLERK OF COURT**

*United States District Court*

for

*District of Guam*

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender   **Benny Tenorio Cruz**          Case Number: **CR 97-00095-006**

Name of Sentencing Judicial Officer:   John S. Unpingco

Date of Original Sentence:   April 13, 1998

Original Offense:   <u>Count II:</u> Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846;   <u>Count III:</u> Conspiracy to Import Methamphetamine, in violation of 21 U.S.C. § 952(a), 960, and 963; <u>Count IV:</u> Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), and 1956(h).

Original Sentence:   120 months imprisonment followed by four years supervised release with conditions that he;   refrain from excessive use of alcohol; not possess, use, distribute or administer any controlled substances; submit to a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse; perform 400 hours of community service; and pay a $150 special assessment fee.

Type of Supervision:  Supervised Release          Date Supervision   August 26, 2005

## PETITIONING THE COURT

☐   To extend the term of supervision          years, for a total term          years.

☒   To modify the conditions of supervision as follows:

1.   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Benny Cruz's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Cruz's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender.

To address the implications of United States v. Stephens Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Benny Cruz's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

"The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Cruz is in full compliance with his conditions of supervised release. Although unemployed, he survives on Government of Guam retirement benefits. Mr. Cruz completed the drug treatment and testing program on March 3, 2006, and the 400 hour community service order on December 9, 2005. He submitted to mandatory DNA collection on September 13, 2005. Mr. Cruz paid the $150 special assessment fee on December 16, 2003, and has submitted all monthly supervision reports to date.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Cruz's consent to the modification.

Reviewed by:

_Penny (my)_
ROSSANNA VILLAGOMEZ-AGUON

U.S. Probation Officer
Supervision Unit Leader

Date: _3/27/06_

Respectfully submitted,

by: _____
ROBERT I. CARREON

U.S. Probation Officer

Date: _3/27/06_

## THE COURT ORDERS

- [ ] No Action
- [ ] The Extension of Supervision as Noted Above.
- [x] The Modification of Conditions as Noted Above. _O.K._
- [ ] Other     Issuance of a:  [ ] Summons   [ ] Warrant

RECEIVED
MAR 27 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

_____
ROGER T. BENITEZ, District Judge
_4/04/06_
Date

ORIGINAL

PROB 49
(3/89)

*United States District Court*

for

*District of Guam*

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

I agree to the modification of my supervised release conditions to include the following conditions:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer; and

Witness:    Robert I. Carreon             Signed:    Benny T. Cruz
            U.S. Probation Officer                      Probationer or Supervised Releasee

3-3-06
Date